Judgment rendered May 8, 2024.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 55,525-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

MORRISON BOWDEN,                          Plaintiffs-Appellants
INDIVIDUALLY AND ON BEHALF OF
ALL OTHERS SIMILARLY SITUATED

versus

RUSTON LOUISIANA                          Defendant-Appellee
HOSPITAL COMPANY, LLC
D/B/A NORTHERN LOUISIANA
MEDICAL CENTER

* * * * *

Appealed from the
Third Judicial District Court for the
Parish of Lincoln, Louisiana
Trial Court No. 58425

Honorable Monique Babin Clement, Judge

* * * * *

MARTZELL, BICKFORD & CENTOLA, PC     Counsel for Appellants
By: Scott R. Bickford

LABORDE EARLES LAW FIRM
By: Derrick G. Earles

LEE HOFFOSS INJURY LAWYERS, LLC
By: J. Lee Hoffoss, Jr.
     Donald Wayne McKnight

BREAZEALE, SACHSE & WILSON, LLP       Counsel for Appellee
By: Christopher David Billings
     David Robert Kelly
     Thomas Richard Temple, Jr.


* * * * *


Before STONE, STEPHENS, and MARCOTTEE, JJ.

**STONE, J.**

This civil appeal arises from the Third Judicial District Court, the Honorable Monique Clement presiding. The plaintiff-appellant is Morrison Bowden ("the plaintiff"), who appears individually and on behalf of the class of plaintiffs he seeks to represent. The defendant is Ruston Louisiana Hospital Company, LLC ("the defendant"), from which the plaintiff seeks reimbursement for amounts he was "unlawfully" billed. The defendant obtained dismissal on an exception of prescription and motion for summary judgment (collectively, "MSJ") on the following grounds: (1) the plaintiff's statutory claim under La. R.S. 22:1874, the Balance Billing Act ("BBA"), is barred by liberative prescription; and (2) the plaintiff failed to introduce for the purpose of summary judgment prima facie evidence for his breach of contract claim or his quasi-contractual claims (for payment of a thing not due and detrimental reliance). The plaintiff filed this appeal asserting that the trial court erred regarding the contractual and quasi-contractual claims.

## FACTS AND PROCEDURAL HISTORY

On November 30, 2009, the plaintiff was injured in a motor vehicle collision and treated at the defendant's Northern Louisiana Medical Center. Upon admission, plaintiff presented his Blue Cross Blue Shield of Louisiana ("BCBS") health insurance information, which the defendant acknowledged; the plaintiff also signed an "admission agreement" including the following language:

> ASSIGNMENT OF INSURANCE BENEFITS/PROMISE TO PAY:
> I hereby assign and authorize payment directly to the Facility…all insurance benefits…or proceeds of all claims resulting from the liability of a third-party…to or for the patient unless the account for this Facility visits paid in

full upon discharge…*I understand that I am responsible for any charges not covered by my insurance company. I understand that I am obligated to pay the account of the Facility in accordance with the regular rates and terms of the Facility.* (Emphasis added).

The plaintiff, in opposing the MSJ, bases his argument on the language emphasized in the above block quote. The defendant was an in-network provider of BCBS, but did not file a claim with BCBS. Instead, the defendant billed the plaintiff directly and did not give him the benefit of the in-network discount contractually agreed with BCBS. Pursuant to La. R.S. 9:4752, the defendant also asserted a medical lien against the plaintiff's recovery on his personal injury claim arising from the traffic accident, which was paid in full from the proceeds of the plaintiff's liability claim.

In August of 2016, the plaintiff filed a class action petition for damages and breach of contract against the defendant for this billing practice. The defendant filed an MSJ asserting that: (1) any claim plaintiff had under the BBA had prescribed; and (2) plaintiff could not produce prima facie evidence of any other claim. The trial court granted the MSJ and dismissed the case with prejudice. The plaintiff appeals, urging that the trial court erred in finding no genuine issue of material fact regarding plaintiff's claims subject to ten-year prescription, namely: (1) of breach of contract; (2) of payment of a thing not due; and (3) of detrimental reliance.

## DISCUSSION

**Medical lien statute**

In relevant part, La. R.S. 9:4752 provides:

A…hospital…that furnishes services or supplies to any injured person shall have a privilege for the *reasonable charges or fees* of such…hospital…on the net amount payable to the injured person…out of the total amount of any recovery or sum had, collected, or to be

2

collected…from another person on account of such injuries, and on the net amount payable by any insurance company under any contract providing for indemnity or compensation to the injured person. (Emphasis added).

In *Rabun v. St. Francis Med. Ctr., Inc.*, 50,849 (La. App. 2 Cir. 8/10/16), 206 So. 3d 323, 328, we held that, in light of the BBA, the lien amount cannot exceed the healthcare provider's contracted rate with the patient's health insurance issuer.

**Prescription**

"Liberative prescription is a mode of barring of actions as a result of inaction for a period of time." La. C.C. art. 3447. Categorization of the plaintiff's action or actions is essential to determining the applicable period or periods of liberative prescription. "Delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained." La. C.C. art. 3492. "Unless otherwise provided by legislation, a personal action is subject to a liberative prescription of ten years." La. C.C. art. 3499. A detrimental reliance action is a personal action subject to the general ten-year prescription. *Harris v. Bd. of Supervisors of Cmty. & Tech. Colleges*, 21-0844 (La. App. 1 Cir. 2/25/22), 340 So. 3d 1121, 1125. Suits on contracts and quasi contracts are normally regulated by the 10–year prescription. *Schoen v. Walling*, 31,598 (La. App. 2 Cir. 2/24/99), 728 So. 2d 982, 984. An action to annul an absolutely null contract is imprescriptible. La. C.C. art. 2032.

**Balance Billing Act**

La. R.S. 22:1874 (the "BBA") generally prohibits contracted (i.e., in-network) healthcare providers ("CHCPs") from billing insured patients for amounts covered by health insurance; in relevant part, it provides:

3

> A. (1) A *contracted health care provider* shall be prohibited from *discount billing*[1]...or collecting from an *enrollee* or *insured* a *health insurance issuer liability* or any amount in excess of the *contracted reimbursement rate* for *covered health care services*.
> (2) No *contracted health care provider* shall *bill*...or collect from an enrollee or insured any amounts other than those representing coinsurance, copayments, deductibles, *noncovered* or *noncontracted health care services*...(Emphasis added).

There are two exceptions to the above prohibitions, which are not relevant here.[2]

The BBA does not explicitly create any independent cause of action. Instead, it merely prohibits CHCPs from suing patients to collect such amounts,[3] and makes the prevailing party in such a suit liable for the other's attorney fees and costs incurred in connection the suit:

> B. No contracted health care provider may maintain any action at law against an enrollee or insured for a health insurance issuer liability or for payment of any amount in excess of the contracted reimbursement rate for such services. In the event of such an action, the prevailing party shall be entitled to recover all costs incurred, including reasonable attorney fees and court costs.

However, *Anderson v. Ochsner Health Sys.*, 13-2970 (La. 7/1/14), 172 So. 3d 579, held that the BBA created a private right of action allowing the insured patient to file suit against a healthcare provider.

In *DePhillips v. Hosp. Serv. Dist. No. 1 of Tangipahoa Par.*, 19-01496 (La. 7/9/20), 340 So. 3d 817, 820, the plaintiff, who had health insurance

---

[1] "Discount billing" is defined as "an attempt to collect from an enrollee or insured an amount in excess of the contracted reimbursement rate for services."

[2] A CHCP is not prohibited from billing the patient for amounts that the insurer contractually owed but failed to pay, nor from billing for certain items otherwise prohibited when such billing is "based on information received from a health insurance issuer." La. R.S. 22:1874(A)(3) & (4).

[3] Again, this prohibition does not apply when the insurer fails to pay its obligation or when the CHCP is acting on information provided by the insurer.

with BCBSLA, was injured in a motor vehicle accident and as a result obtained emergency medical care at the defendant hospital, a CHCP. The defendant billed the insurer and collected the contractually discounted amount therefrom, *and* collected the full undiscounted amount via a medical lien against the plaintiff's tort suit. Approximately four years later, the plaintiff sued to recover the amount paid via the medical lien, but did not introduce into evidence any contract between himself and the defendant. The Louisiana Supreme Court held that actions under the BBA are delictual in nature and therefore subject to a one-year period of liberative prescription.

The plaintiff argued that there was an implied agreement between himself and the defendant that the defendant would not "balance bill" him. In rejecting that argument, the court also stated there was no such contract, and further, that a claim must be based on a breach of a specific contractual duty in order for the ten-year period of limitations for a breach of contract action to be applicable.

In this case, the defendant collected from the plaintiff a "health insurance issuer liability" and an amount in "excess of the contracted reimbursement rate" for "covered healthcare services." This was a violation of the BBA. However, the plaintiff's claim under the BBA is prescribed because more than one year has passed since the defendant asserted and collected on the medical lien. *DePhillips, supra*. Therefore, the remaining question is whether the trial court was correct in dismissing the plaintiff's other claims on summary judgment.

**Summary judgment**

After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting

documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3).[4] La. C.C.P. art. 966(D)(1) allocates the burden of proof on a motion for summary judgment as follows:

> The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.

Only certain types of documents may be offered in support of or in opposition to the MSJ. La. C.C.P. art. 966(A)(4). Likewise, the court may consider only those documents filed or referenced in support of or in opposition to the MSJ. La. C.C.P. art. 966(D)(2).

**Contract interpretation**

*Law*. "Interpretation of a contract is the determination of the common intent of the parties." La. C.C. art. 2045. "Each provision in a contract must be interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole." La. C.C. art. 2050.

---

[4] A fact is "material" when its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery. *Farooqui v. BRFHH Shreveport, LLC*, 55,081 (La. App. 2 Cir. 11/15/23), 374 So. 3d 364, 365–66, writ denied, 23-01661 (La. 2/14/24), 379 So.3d 27. A genuine issue is one regarding which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for a trial on that issue and summary judgment is appropriate. Furthermore, in determining whether an issue is genuine, a court should not consider the merits, make credibility determinations, evaluate testimony, or weigh evidence. The prohibition on making credibility determinations on summary judgment extends to expert affidavits admitted without objection. Finally, the court must draw those reasonable inferences from the undisputed facts which are most favorable to the party opposing the motion; likewise, all doubt must be resolved in the opposing party's favor. *Id.*

6

In *Gibson v. Nat'l Healthcare of Leesville, Inc.*, 21-369 (La. App. 3 Cir. 3/15/22), 371 So. 3d 53, 56, *reh'g denied* (5/3/23), *writ denied,* 23-00778 (La. 10/31/23), 372 So. 3d 336, the Third Circuit held that there were genuine issues of material fact regarding whether the hospital, Byrd, was obligated to file a claim with the plaintiff's health insurer pursuant to contractual language which the court described thus:

> The Assignment authorized Byrd to collect benefits, including "all insurance benefits, sick benefits, [and] injury benefits" due because of third party liability available to Mr. Gibson to pay for Byrd's services. Under the Assignment, Mr. Gibson was obligated to pay "any charges not covered by my insurance company" and "to pay [Byrd] in accordance with the regular rates and terms of [Byrd]."

*Analysis.* In this case, as previously mentioned, the plaintiff relies on the following *italicized* contractual language in support of his breach of contract theory; conversely, the defense relies on the underlined language below:

> ASSIGNMENT OF INSURANCE BENEFITS/PROMISE TO PAY:
> I hereby assign and authorize payment directly to the Facility…all insurance benefits…or proceeds of all claims resulting from the liability of a third-party…to or for the patient unless the account for this Facility visits paid in full upon discharge…*I understand that I am responsible for any charges not covered by my insurance company. I understand that I am obligated to pay the account of the Facility in accordance with the regular rates and terms of the Facility.* (Emphasis added).

Regarding interpretation of the contract, the plaintiff makes two arguments: (1) that the provision stating he *is responsible* to pay charges *not covered* by his insurance company bears a negative implication: he is *not responsible* for charges that *are covered* by his insurance; and (2) regarding his promise to "pay the account of the facility in accordance with the regular

7

rates and terms of the facility," he argues that the lack of specification regarding what the "regular rates and terms" are renders the contract ambiguous, and requires clarification by extrinsic evidence.

Both of these interpretive arguments suffer from the same fatal flaw: they ignore the plaintiff's explicit agreement to assign *both* his health insurance benefits *and his tort recovery* to the defendant in the event plaintiff's bill was not paid in full upon discharge. The plaintiff does not allege that his bill was paid in full upon discharge. Moreover, the contractual language in question does not state that the defendant has any obligation to seek payment from the plaintiff's health insurance. The plaintiff's second interpretive argument, i.e., regarding clarification by extrinsic evidence of the hospital's "regular rates and terms," suffers yet another fatal flaw. Because the plaintiff would bear the burden of proof on this issue at trial, La. C.C.P. art. 966(D)(1) assigns that burden to the plaintiff for purposes of summary judgment. Despite having the burden of proof, the plaintiff cites no extrinsic evidence to support clarification of this contractual language. Instead, the plaintiff merely states that the defendant failed to introduce evidence on this point. This constitutes an abject failure of the plaintiff to carry his burden of proof. The plaintiff has failed to establish a genuine issue of material fact regarding his breach of contract claim. We find *Gibson*, *supra*, unpersuasive for the same reasons that we reject the plaintiff's interpretive arguments in this case.

**Detrimental reliance**

La. C.C. art. 1967 sets forth a cause of action for detrimental reliance as follows:

8

> A party may be obligated by a promise when he knew or should have known that the promise would induce *the other party* to rely on it to his detriment and the other party was reasonable in so relying. (Emphasis added).

The plaintiff relies on the defendant's promise *to BCBS* to not balance bill insureds of BCBS. However, this article does not provide a cause of action to the plaintiff because the plaintiff was not the promisee of that promise. The trial court was correct in dismissing this claim on summary judgment.

**Payment of a thing not due**

In *DePhillips, supra*, the Louisiana Supreme Court ruled that a payment made in satisfaction of billing that violated the BBA could not be recovered as "payment of a thing not due" under La. C.C. art. 2299. Accordingly, we hold that La. C.C. art. 2299 does not provide any independent basis of recovery in this case. The trial court was correct in dismissing this claim on summary judgment.

## CONCLUSION

The judgment of the trial court is **AFFIRMED**. All costs of this appeal are taxed to the appellant.